Michael STRAUSS; et al.,
Plaintiffs–Appellants,

v.

SHEFFIELD INSURANCE
CORPORATION; et al.,
Defendants–Appellees.

No. 06–56708.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2008.

Filed May 30, 2008.

Matthew Clarke, J. Toby Noblin, Esq., Cappello & Noel LLP, Santa Barbara, CA, Plaintiffs–Appellants.

Bryan M. Weiss, Esq., Murchison & Cumming, Mark E. Aronson, Esq., Anderson, McPharlin and Conners, Los Angeles, CA, Shannon Peterson, Sheppard Mullin Richter and Hampton, San Diego, CA, for Defendants–Appellees.

---

Before: FISHER and PAEZ, Circuit Judges, and ROBART *, District Judge.

### MEMORANDUM **

In this appeal, Westwind Group Holdings, Inc. and Westwind Management Company (collectively "Westwind") as well as Michael Strauss ("Strauss") challenge the district court's August 23, 2006 order granting partial summary adjudication to Sheffield Insurance Corporation and AXIS Surplus Insurance Company (collectively "Sheffield" [1]). Specifically, Strauss and Westwind challenge the district court's determination that a letter they received dated February 12, 2003 was a claim first made outside the Sheffield policy period. They also contend that the district court erred in determining that Sheffield had no duty to defend a lawsuit filed in Delaware during the Sheffield policy period because the Delaware action and the February 12, 2003 letter were interrelated claims under the Sheffield policy. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.

We review a grant or partial grant of summary adjudication de novo. *See Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir.2001).

The February 12, 2003 letter did not constitute a "claim" as defined under the policy because it did not seek "monetary damages" or "other relief." The letter constituted a demand for money due and owing under a contract (an event that was not insurable under the Sheffield policy), an expression of concern regarding the financial stability of Westwind and a reminder to the directors regarding their fiduciary duties (not an assertion that those duties had, in fact, been breached). *See Abifadel v. Cigna Ins. Co.*, 8 Cal. App.4th 145, 9 Cal.Rptr.2d 910, 920 (Cal. Ct.App.1992). The request for an accounting did not constitute "other relief" because it was made in order to gather information on the financial operations of Westwind and to determine whether there had in fact been a breach of any fiduciary duty and/or mismanagement on the part of the directors.

We hold that the February 12, 2003 letter did not constitute a claim and remand to the district court for further proceedings consistent with this memorandum. Because we hold that the letter did not constitute a claim, we need not address Strauss and Westwind's other arguments.

### REVERSED AND REMANDED.

---

\* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Sheffield Insurance Corporation changed its name to AXIS after it issued the D&O Policy

---

at issue here. In order to minimize confusion, we refer to the entities collectively as "Sheffield."

